**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000044
07-JUL-2011
09:28 AM**

NO. CAAP-11-0000044

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS
OF ILIKAI APARTMENT BUILDING, Petitioner-Appellee,

v.

SVC-HAWAII, L.P.; SVC-WAIKIKI, LLC;
and SHELL OWNERS ASSOCIATION-HAWAII, Respondents-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0303)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, we lack jurisdiction over Respondents-Appellants SVC-Hawaii, L.P., SVC-Waikiki, LLC, and Shell Owners Association-Hawaii's (the Appellants) appeal from the Honorable Rhonda A. Nishimura's December 16, 2010 "Order Granting 'Petitioner's Motion to Compel Arbitration' Filed September 21, 2010" (the December 16, 2010 order compelling arbitration) because, under the circumstances of this special proceeding, the December 16, 2010 order compelling arbitration is

not yet eligible for appellate review, and the Appellants' appeal is premature.

Hawaii Revised Statutes (HRS) § 658A-28(a)(1) (Supp. 2010) authorizes an appeal from an order <u>denying</u> a motion to compel arbitration:

> § 658A-28. Appeals.
>
> (a)   An appeal may be taken from:
>
>> (1)  <u>An order denying a motion to compel arbitration</u>;
>>
>> (2)  An order granting a motion to stay arbitration;
>>
>> (3)  An order confirming or denying confirmation of an award;
>>
>> (4)  An order modifying or correcting an award;
>>
>> (5)  An order vacating an award without directing a rehearing; or
>>
>> (6) A final judgment entered pursuant to this chapter.
>
> (b)   An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (emphasis added).   However, HRS § 658A-28(a) does not authorize an appeal from an order granting a motion to compel arbitration.   Therefore, the December 16, 2010 order compelling arbitration is not appealable pursuant to HRS § 658A-28(a).

HRS § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees.   However, appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court."   HRS § 641-1(c).   Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document."   HRCP Rule 58.   Based on HRCP Rule 58,   "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and

against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The circuit court has not yet entered a final judgment in this case. Therefore, the December 16, 2010 order compelling arbitration is not yet eligible for appellate review under HRS § 641-1(a).

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine) and the collateral order doctrine, the December 16, 2010 order compelling arbitration does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine) and Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).

We note in particular that, under the collateral order doctrine, "[a]n order granting a motion to compel arbitration is final and appealable" under circumstances when such an order "is one of that small category of orders which finally determine claims of right separable from and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate

consideration be deferred until the whole case is adjudicated." Sher v. Cella, 114 Hawai'i 263, 266-67, 160 P.3d 1250, 1253-54 (App. 2007) (citation and internal quotation marks omitted) (emphasis added). In Sher v. Cella, the parties were litigating a complaint that contained six counts: (1) misrepresentation and non-disclosure, (2) breach of contract, (3) breach of duty of good faith and fair dealing, (4) negligence, (5) deceptive trade practices, and (6) unjust enrichment. Id. at 266, 160 P.3d at 1253. Thus, when the circuit court entered an order granting a motion to compel arbitration of these causes of action, we held that, under the collateral order doctrine, the "order granting [the] motion to compel arbitration is final and appealable[.]" Id. at 266-67, 160 P.3d at 1253.

In contrast to Sher v. Cella, the December 16, 2010 order compelling arbitration in the instant case is not separable from, and collateral to, the merits of the claim that Petitioner-Appellee Association of Apartment Owners of Ilikai Apartment Building (Appellee AOAO Ilikai Apartment Building) sought in the document through which it initiated the special civil proceeding in S.P. No. 10-1-0303, namely Appellee AOAO Ilikai Apartment Building's September 21, 2010 motion to compel arbitration. On the contrary, the December 16, 2010 order compelling arbitration directly addresses the merits of the claim in S.P. No. 10-1-0303. Therefore, the December 16, 2010 order compelling arbitration does not satisfy the second requirement for the collateral order doctrine, that the order must resolve an important issue completely separate from, and collateral to, the merits of the action.

-4-

Accordingly, under the circumstances of the instant case, the December 16, 2010 order compelling arbitration is <u>not</u> appealable under the collateral order doctrine.

Finally, the circuit court has not certified the December 16, 2010 order compelling arbitration for an interlocutory appeal pursuant to HRS § 641-1(b) (1993 & Supp. 2010). Therefore, the December 16, 2010 order compelling arbitration is not appealable pursuant to HRS § 641-1(b).

Under the circumstances of the special civil proceeding in S.P. No. 10-1-0303, the December 16, 2010 order compelling arbitration is not eligible for appellate review until the circuit court enters a separate judgment pursuant to HRCP Rule 58. In their statement of jurisdiction, Appellants contend without explanation or citing authority that "[i]f a final judgment is entered in this matter, it would only be after the arbitration is concluded." We do not agree. <u>See</u> HRCP Rule 58; Rule 23 of the Rules of the Circuit Courts of the State of Hawaiʻi. Accordingly,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000044 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, July 7, 2011.

Presiding Judge

Associate Judge

Associate Judge